-Plaintiff seeks to recover federal income taxes and assessed interest paid for taxable years 1964-1967. This case involves a determination of whether the gains from sales or exchanges by plaintiff in each of eight different real estate transactions qualify for capital gains treatment under the provisions of 26 U.S.C. § 1221 or § 1231, or whether they should be taxed as ordinary income. Each of the properties involved was held by plaintiff for more than 6 months. In a recommended decision filed July 1, 1977 (reported in full at 40 AFTR 2d 77-5262 and 77-2 USTC para. 9508) Trial Judge Francis C. Browne discussed at length the various transactions involved, and on the basis of the evidence concluded that as to six of the parcels of real property the primary purpose in holding the property was to maintain a source of recurring income, entitling plaintiff to capital gains treatment on the gains from their sale or exchange; as to the remaining two parcels, these were held primarily for sale to customers in the ordinary course of plaintiffs real estate business and accordingly plaintiff realized ordinary income from the sales. On September 30, 1977 the court, by order, adopted the recommended decision as the basis for its judgment in this case, dismissed the petition as to the sales of two parcels, entered judgment in favor of plaintiff in the amount of the deficiency assessment paid plus *898 statutory interest respecting the other six parcels, and reserved the exact amount of plaintiffs judgment for further proceedings under Rule 131(c). On December 16, 1977 the court entered judgments as follows:
1964- $16,178.51
1965- 228,927.60
1966- 309,413.50
1967- 313,086.34
plus interest as provided by law, or a total amount of $867,605.95, plus interest as provided by law. For purposes of computing statutory interest to be paid on the refund respecting year 1966, the date of overpayment by plaintiff is deemed to be June 23, 1970.